UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| GEORGE BANKS, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | Case No. 1:06CV99 RWS |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER**

This matter is before me on George Banks' Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [#1, #6]. For the reasons set forth below, the motion will be denied.

**I.     Background**

On March 10, 2005, a Grand Jury in the Eastern District of Missouri, Southeastern Division, returned a one count indictment against Banks charging him the offense of Felon in Possession of a Firearm in violation 18 U.S.C. § 922(g)(1). On April 19, 2006, Banks entered a plea of guilty to the charge of being a felon in possession of a firearm. At the time of his plea, Banks had entered into a written Plea Agreement and Stipulation of Facts with the Government which was filed with the Court.

Pursuant to the Plea Agreement, Banks agreed to plead guilty to the charge as charged in the indictment. Banks and the Government then agreed that Banks' base offense level would be either 20 or 33, depending on Banks' criminal history, with the higher level being applicable if Banks were determined to be an Armed Career Criminal under 18 U.S.C. § 924(e) and the Sentencing Guidelines, U.S.S.G. Section 4B1.4. The parties further agreed that Banks should

receive a three level decrease in the base offense level for acceptance of responsibility. Banks' criminal history category was left open for me to determine.

In the Plea Agreement, Banks acknowledged that his maximum possible penalty for his crime was a term of imprisonment not to exceed ten years, a fine of $250,000, plus up to three years of supervised release. The agreement also stated that Banks understood that if he were determined to be an Armed Career Criminal, his maximum penalty would be up to life imprisonment with a minimum sentence of fifteen years, and the term of supervised release would increase to not more than five years.

The parties reserved their rights to appeal any issue in the case, but Banks specifically waived his right to file a § 2255 petition:

> The defendant acknowledges being guilty of the crime to which a plea is being entered, and further states that neither defense counsel not the government have made representations which are not included in the document as to the sentence to be imposed. The defendant further agrees to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to [§ 2255], except for claims of prosecutorial misconduct or ineffective assistance of counsel at time of sentencing.

At the plea hearing, I talked to Banks about the specifics of his Plea Agreement, as well as the voluntariness of his plea. Banks told me that he completed his eleventh year of education and that he had no trouble reading and understanding the Plea Agreement. Banks initially complained that his attorney did not properly investigate his case, but upon questioning admitted that he was in possession of the firearm named in the indictment. He also admitted that he was a felon and that the gun traveled in interstate commerce. The following colloquy then took place between Banks and me:

> COURT: Now, if I sentence you consistent with these recommendations, you have agreed not to file any

| | |
|---|---|
| | other motions or any other lawsuits challenging how your case has been handled. Do you understand that, sir? |
| BANKS: | Yes, sir. |
| COURT: | Specifically, it's recommended that your base offense level is a 20. Do you understand that? |
| BANKS: | Yes, sir. |
| COURT: | However, if your prior convictions are sufficient for you to be characterized as an armed career criminal, then your base offense level would be 33. Do you understand that? |
| BANKS: | Yes, sir. |
| COURT: | Do you understand that the sentence of imprisonment for the charge to which you are pleading guilty is a term of imprisonment of not more than ten years? |
| BANKS: | Yes, sir. |
| COURT: | But that if you're found to be an armed career criminal, then it's a term of imprisonment of not less than 15 years and not more than life. Do you understand that? |
| BANKS: | Yes, sir. |

I then accepted Banks' plea of guilty to the indictment and set his sentencing for June 26, 2006.

Following the plea, a Presentence Investigation Report was prepared by the United States Probation Office. That report set Banks' Final Offense Level at 30, based on a determination that Banks was an Armed Career Criminal with a base offense level of 33, less 3 levels for acceptance of responsibility. Banks had three prior felony convictions for either controlled substance offenses or violent felonies, and a felony conviction for stealing property from the person of

Mary Cunningham, also a crime of violence. Banks' criminal history category was set at V, with a guideline range of punishment from 180 to 188 months.

I held Banks' sentencing hearing on June 27, 2006. Through his attorney, Banks admitted that he had received the Presentence Investigation Report and objected to it on the ground that he had not actually been convicted of burglary. I then accepted the certified copy of Banks' conviction for burglary and overruled Banks' objection. No other objections were made to the Presentence Report. Banks' attorney stated that Banks was objecting to his classification as an Armed Career Criminal because he was not engaged in a violent act at the time he possessed the firearm. Banks' attorney then stated that he had informed Banks that his position on this issue was incorrect under the law. Prior to imposing sentence, I asked Banks if his attorney had spoken fully on his behalf, and he said that he had. Banks also admitted that his pending sentence would be at least 15 years. At the conclusion of the hearing, I entered a Judgment against Banks and sentenced him to 180 months imprisonment, 3 years of supervised release and a $100 special assessment. Banks did not file an appeal.

**II.     Grounds for Relief**

In his § 2255 motion, Banks alleges the following grounds for relief:

(1)     He disagrees that he had two prior convictions for burglary, asserting that he did not have three prior crimes of violence or controlled substance offenses to be classified as an Armed Career Criminal;

(2)     Banks believes that he was improperly classified as an Armed Career Criminal since he did not commit any violent act during his possession of the firearm;

(3)     Banks alleges "bad blood" between a state prosecutor and him, but he does not explain how this allegation affects his conviction or sentence in this case.

After the initial motion was filed, Banks filed additional grounds for relief, all of which

allege that he was improperly classified as an Armed Career Criminal.

**III.    Analysis**

   *A.    An Evidentiary Hearing is not Warranted*

An evidentiary hearing need not be held if Banks' "allegations cannot be accepted as true because they are contradicted by the record, inherently incredible or conclusions rather than statements of fact." Delgado v. United States, 162 F.3d 981, 983 (8th Cir. 1998). For the reasons stated below, Banks' allegations do not rise to the level that would require me to hold an evidentiary hearing.

   *B. Banks Waived His Right to Bring These Claims*

Because he waived his right to attack his sentence under the terms of the Plea Agreement, Banks is not entitled to relief on any grounds asserted in the motion. The Plea Agreement, Banks' plea colloquy and the transcript of his sentencing hearing clearly demonstrate that Banks knowingly and voluntarily waived his right to file this motion. Banks reserved only his right to bring claims of ineffective assistance of counsel and prosecutorial misconduct in a § 2255 motion, claims which are not alleged in this action.[1] Moreover, I sentenced Banks in accordance with the terms of the Plea Agreement and gave him the minimum sentence that I could impose under 18 U.S.C. § 924(e).[2] Under these circumstances, Banks' waiver is valid and no

---

[1]The claims of prosecutorial misconduct must relate to the instant prosecution, not prior cases brought by the state, so Banks' vague allegations about "bad blood" do not survive review. Even if Banks' right to file this claim were not waived, it would nevertheless fail as his vague and conclusory allegations do not entitle him to relief.

[2]Even if Banks had not waived his right to bring this motion, he could not bring these claims of sentencing error because he did not appeal his conviction. See Ford v. United States, 983 F.2d 897 (8th Cir. 1993). Finally, Banks' claims would fail on the merits. Banks' interpretation of 18 U.S.C. § 924(e) is incorrect. The record demonstrates that Banks was

miscarriage of justice would result in enforcing it.  See DeRoo v. United States, 223 F.3d 919 (8th Cir. 2000); United States v. Rutan, 956 F.2d 827, 829 (8th Cir. 1992).  For these reasons, Banks' § 2255 motion will be denied.

As Banks has not made a substantial showing of the denial of a federal constitutional right, this Court will not issue a Certificate of Appealability.  See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997) (citing Flieger v. Delo, 16 F.3d 878, 882-83 (8th Cir. 1994) (substantial showing must be debatable among reasonable jurists, reasonably subject to a different outcome on appeal or otherwise deserving of further proceedings).

Accordingly,

**IT IS HEREBY ORDERED** that the motion of George Banks to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 [#1, #6] is **DENIED**.

**IT IS FURTHER ORDERED** that this Court will not issue a certificate of appealability as Banks has not made a substantial showing of the denial of a federal constitutional right.

**IT IS FURTHER ORDERED** that all remaining pending motions are denied.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 10th day of April, 2008.

---

properly classified as an Armed Career Criminal.